E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
COLIN S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3159
     Facsimile: (213) 894-0141
     E-mail:    colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-00118-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT DENIS GINCESCU |
| v. | |
| DENIS GINCESCU and ION CEBOTAREAN, | **Sentencing** Hearing Date: July 26, 2023 Hearing Time: 3:00 p.m. |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Colin S. Scott, hereby files its sentencing position regarding defendant DENIS GINCESCU.

///

///

///

///

///

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Modified Presentence Investigation Report, and any other evidence or argument that the Court may permit.

Dated: July 19, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

   /s/
COLIN S. SCOTT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Defendant Denis Gincescu ("defendant") traveled to this country to commit fraud.

On March 1, 2023, defendant has his co-defendant possessed 36 stolen EBT accounts and their associated PINs without the knowledge or permission of the account holders. Accordingly, on June 14, 2023, defendant pled guilty to one count of possession of fifteen or more unauthorized access devices in violation of 18 U.S.C. §1029(a)(3) (Count 1) pursuant to a plea agreement filed with the court on June 8, 2023. (Dkt. 35 ("Plea Agreement").) The United States Probation & Pretrial Services Office ("USPO") issued a Modified Presentence Report ("MPSR") on July 10, 2023. (Dtk. 42, MPSR.) The MPSR recognized the parties' stipulation to an offense level of 10 and calculates a Criminal History Category of II, resulting in an advisory guideline range of 8 to 14 months. (Dtk. 42, MPSR.) The government does not object to the USPO's calculations of defendant's criminal history.

The government believes that a low-end Guidelines term of imprisonment adequately addresses the sentencing factors set forth in 18 U.S.C. § 3553(a), and requests that the Court impose a term of imprisonment of eight months; a three-year term of supervised release; and the mandatory $100 special assessment.

II. **STATEMENT OF FACTS**

Defendant admitted to the following facts at his change of plea hearing and in the plea agreement. (MPSR ¶¶ 4-8; Plea Agreement ¶ 9.)

On March 1, 2023, within the Central District of California, and elsewhere, defendant knowingly and with intent to defraud, possessed

at least fifteen unauthorized access devices, specifically, approximately 36 financial account numbers, all issued to persons other than defendant with said possession affecting interstate and foreign commerce.

Specifically, defendant, working in concert with co-defendant Ion Cebotarean, utilized stolen Electronic Benefit Transfer ("EBT") account information and corresponding personal identification numbers ("PINs") to check the balance of at least 36 different EBT accounts not belonging to them.  Rather, defendant knew that he, himself or working in concert with others, had obtained victims' EBT account information and PINs by placing "skimming" devices and cameras on ATMs or other point-of-sale devices to surreptitiously capture or record victims' account information and PINs.  Defendant, himself or working in concert with others, then "cloned" the account information captured by the skimming devices onto debit, credit, or gift cards by altering the account information on those cards' magnetic stripes. Defendant then utilized the cloned cards, together with the surreptitiously captured PINs, to access victims' EBT accounts. These 36 different EBT accounts belonged to at least 10 or more victims.

When arrested, defendant and his co-conspirator possessed 36 debit or gift cards that had been cloned with victims' account information that did not correspond to the account information printed on the face of the cards.  Defendant did not have authorization to possess the victims' account information, and defendant knew that he did not have such authorization. Defendant's possession of the 36 cloned debit or gift cards all affected interstate or foreign commerce, and at all relevant times, defendant acted with the intent to

4

defraud.

III. **ARGUMENT**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a). The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations. 18 U.S.C. § 3553(a)(2).

The government recommends that the defendant be sentenced to (1) eight months' imprisonment; (2) a three-year period of supervised release; and (3) the mandatory $100 special assessment. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

**A.   Nature and Circumstances of the Offense**

The Court must consider the nature, circumstances, and seriousness of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Here, the government's proposed eight-month sentence reflects the seriousness of defendant's crime. Defendant played a small role in a larger scheme designed to steal public benefits by checking the balances of various EBT accounts and then relaying that information to other individuals. However, no actual losses were incurred, and it is unclear how much defendant personally benefited. This supports a low-range sentence.

The Government's low-range recommendation also reflects defendant's history and characteristics. Defendant is a Romanian national and has a limited criminal history in the United States. (MPSR ¶ 11.) However, Defendant does have a single prior felony conviction for theft, and thus falls within Criminal History Category II. (Id. ¶ 11.) Accordingly, an eight-month sentence would appropriately account for both the seriousness of the offense and defendant's history and characteristics.

### B. Need for Deterrence and to Promote Respect for the Law

An eight-month sentence is also warranted to promote deterrence against individuals traveling to the United States in order to engage in fraud. Defendant traveled to this country from Romania and participated in a sophisticated and organized scheme to steal public funds. Accordingly, a custodial sentence is necessary to impart the seriousness of the offense both specifically to defendant and to the general public.

### C. Supervised Release

A three-year term of supervised release would provide an "added measure of deterrence and protection," that is warranted under the facts of this case. See USSG § 5D1.1, comment. (n.5). In light of defendant's prior criminal history, the imposition of a three-year period of supervised release is appropriate. See USSG § 5D1.1, comment. (n.3(A), (B)) (noting factors to be considered in determining whether to impose a term of supervised release and stating that "[t]he court should give particular consideration to the defendant's criminal history (which is one aspect of the 'history and characteristics of the defendant'"). Despite his young age and foreign nationality, defendant already has a criminal history in the

United States.  A three-year term of supervised release is thus appropriate to effectively protect the public from any of defendant's future crimes.

**IV.     CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to eight months' imprisonment, three years' supervised release, a $100 special assessment, and no fine.  The government submits that this sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)."  18 U.S.C. § 3553(a).